UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADAM BERRY, | ) | |
| | ) | **Case No.** |
| **Plaintiff,** | ) | |
| | ) | **Judge** |
| v. | ) | |
| | ) | **Magistrate Judge** |
| POLICE OFFICER  JOE DORTHA | ) | |
| PARKER #17669, individually, and | ) | **Jury Demand** |
| CITY OF CHICAGO, | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ADAM BERRY, by and through his attorney, Gregory E.

Kulis, and in complaining against the Defendants POLICE OFFICER JOE DORTHA PARKER

STAR #17669, individually, and the CITY OF CHICAGO, states the following:

### COUNT I – FALSE ARREST §1983

1.      This action is brought pursuant to the United States Constitution, specifically 42

U.S.C. §1983 and §1988, 28 U.S.C. §1331, §1332 and §1343, the laws of the State of Illinois,

and the Court's supplementary jurisdiction powers, to redress deprivations of the civil rights of

the Plaintiff and accomplished by acts and/or omissions of the Defendants.  Venue is proper in

this District under 28 U.S.C. § 1391(b) as all or most of the parties reside in this Judicial District,

certain defendants do business in the Northern District of Illinois, and the events giving rise to

the claims asserted herein occurred in this Judicial District.

2.      At all times relevant herein, the Plaintiff, ADAM BERRY, was and is a citizen of

the United States and a resident of the City of Chicago.

3.     At all times relevant herein, the Defendant, POLICE OFFICER JOE DORTHA PARKER STAR #17669, was and is a duly appointed police officer of the Chicago Police Department acting within his scope of employment.

4.     At all times relevant herein, the Defendant, CITY OF CHICAGO, was and is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant, POLICE OFFICER JOE DORTHA PARKER STAR #17669.

5.     On or about January 10, 2008, the Plaintiff was driving his vehicle on South Lake Shore Drive, in the City of Chicago, Illinois.

6.     The Plaintiff was not committing any crimes.

7.     The Defendant, POLICE OFFICER JOE DORTHA PARKER STAR #17669 (hereinafter "Defendant PARKER"), conducted a traffic stop of the Plaintiff.

8.     The Defendants did not have probable cause to stop the Plaintiff.

9.     Defendant PARKER ordered the Plaintiff to the rear of the Plaintiff's vehicle.

10.     Defendant PARKER ordered the Plaintiff to take field sobriety tests which he passed.

11.     There was no probable cause to arrest the Plaintiff.

12.     Despite no probable cause or evidence of any impairment, the Defendant charged and arrested the Plaintiff for DUI.

13.     Said action of Defendant PARKER was intentional, willful and wanton.

14.     Said actions of the Defendant PARKER violated the Plaintiff's Fourth Amendment Rights and were in violation of said rights protected by 42 U.S.C. §1983.

15.     As a direct and proximate consequence of said conduct of Defendant PARKER, the Plaintiff, ADAM BERRY, suffered violations of his constitutional rights, monetary expenses, fear, emotional distress, and pain and suffering.

WHEREFORE, the Plaintiff, ADAM BERRY, prays for judgment against the Defendant, POLICE OFFICER JOE DORTHA PARKER #17669, in an amount in excess of One Hundred Thousand Dollars ($100,000.00) in compensatory damages and One Hundred Thousand Dollars ($100,000.00) in punitive damages, in addition to attorney's fees and costs.

### COUNT II – INDEMNIFICATION CLAIM PURSUANT TO 745 ILCS 10.9-102 AGAINST DEFENDANT CITY OF CHICAGO

1-15.     Plaintiff re-alleges paragraphs 1 through 15 of Count I as though fully set forth herein.

16.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

17.     Defendant, POLICE OFFICER JOE DORTHA PARKER #17669, is and/or was an employee of the CITY OF CHICAGO and acted within the scope of his employment for the CITY OF CHICAGO in committing the misconduct described herein.

WHEREFORE, should Defendant, POLICE OFFICER JOE DORTHA PARKER #17669, be found liable for the acts alleged above, Defendant CITY OF CHICAGO would be liable to pay the Plaintiff any judgment obtained against said Defendant Police Officers.

### COUNT III – MUNICIPAL PRACTICE AND POLICY AGAINST DEFENDANT CITY OF CHICAGO

1-15.     Plaintiff re-alleges paragraphs 1 through 15 of Count I as though fully set forth herein.

16.    The CITY OF CHICAGO has a custom, practice, and policy of:

    a. Failing to properly train its police officers who conduct numerous DUI arrests;

    b. Failing to properly supervise its police officers who conduct numerous DUI arrests;

    c. Failing to properly investigate its police officers who conduct numerous DUI arrests;

    d. Failing to properly discipline its police officers who falsely arrest individuals for DUI;

    e. Allowing its officers to testify in court knowing they would be committing perjury;

    f. Allowing Officer Parker to appear in court to testify when the State's Attorney refuses to allow him to testify because of his lack of veracity;

    g. Continuing to allow its officers to make DUI arrests when the City knows they are false; and,

    h. Setting up a *de facto* quota system for arrests and DUI arrests.

17.    Evidence of this custom, practice, and policy includes the fact that the Cook County State's Attorney's Office has moved to dismiss dozens, and possibly hundreds, of false DUI arrest cases filed against individuals by Defendant PARKER and other Chicago Police Department officers, including Chicago Police Officer John Haleas.

18.    Numerous victims of false DUI arrests have made formal complaints with the Chicago Police Department yet little to no disciplinary action has been taken in response thereof.

19.    The Defendant City of Chicago takes all efforts to protect certain police officers even when there evidence of those officers having conducted themselves improperly.

20.    The City of Chicago fails to cooperate in providing information to victims/complainants who file complaints.

21.    As a result of these customs, practices, and policies of the City of Chicago, the Plaintiff was injured and his constitutional rights were violated.

WHEREFORE, the Plaintiff, ADAM BERRY, prays for judgment in his favor and against the Defendant, CITY OF CHICAGO, in an amount in excess of TWO HUNDRED

THOUSAND AND 00/100 ($200,000.00) DOLLARS compensatory damages plus reasonable

attorney's fees and costs.

**JURY DEMAND**

The Plaintiff, ADAM BERRY, requests a trial by jury.


Respectfully submitted,


/s/Gregory E. Kulis_____
Gregory E. Kulis & Associates, Ltd.

Gregory E. Kulis & Associates, Ltd.
30 North LaSalle Street, Suite 2140
Chicago, Illinois 60602
(312) 580-1830


Page 5